**Louis J. ABBRUZZESE, Appellant,**

v.

**William P. BERZAK and Postmaster General Elmer T. Classen and United States of America.**

**No. 76–1882.**

United States Court of Appeals, Third Circuit.

Argued June 4, 1979.

Decided July 6, 1979.

Michael J. Mella, P. A., David L. Rutherford (argued), Fair Lawn, N. J., for appellant.

Robert J. Del Tufo, U. S. Atty., Eric L. Chase (argued), Asst. U. S. Atty., Newark, N. J., Mason D. Harrell, Jr., U. S. Postal Service, Washington, D. C., of counsel, for appellees.

Before ADAMS and ROSENN, Circuit Judges, and LAYTON, Senior District Judge.*

OPINION OF THE COURT

ADAMS, Circuit Judge.

When Congress adopted the Postal Reorganization Act,[1] it provided two types of procedures for resolving labor disputes be-

---

* Honorable Caleb R. Layton, III, United States District Court for the District of Delaware, sitting by designation.

1. Pub.L. 91–375, 84 Stat. 719 (1979) (codified in scattered titles and sections).

tween the United States Postal Service (USPS) and its employees. Veterans, also known as preference eligible employees,[2] were given the choice of appealing an adverse decision to the Civil Service Commission or invoking those procedures found in the applicable collective bargaining agreement.[3] Non-preference eligible employees, on the other hand, were given recourse only to the process found in their contract.[4]

Louis Abbruzzese, formerly a preference-eligible employee of USPS, was separated from his letter-carrier position following his conviction for mail theft. He received notice of the proposed action on September 24, 1973, in a letter from his employer stating that his removal would become effective on the following October 15, and that he could appeal the decision to the Civil Service Commission within fifteen calendar days after the *effective date of such action.* The correspondence also stated that Abbruzzese had certain arbitration rights pursuant to the collective bargaining agreement signed by his union and USPS. It did not indicate

whether choosing one procedure would have any effect on the availability of the other.

Abbruzzese decided to arbitrate. His decision apparently was motivated in large part by advice from his union indicating that if arbitration proved futile, he would still be able to file an appeal with the Commission provided the appeal was taken within fifteen days after his *removal from the rolls.*[5] This advice, apparently given in good faith, was erroneous. In any event, Abbruzzese decided not to file his appeal within the time specified by the Postal Service in its September 24 letter.

On January 24, 1974, Abbruzzese's union informed him that it would not pursue arbitration because of his conviction, but that he could nevertheless still appeal to the Commission provided he did so within the upcoming fifteen days. Such an appeal was filed on January 30. However, pursuant to 5 C.F.R. § 752.204,[6] the Commission rejected the appeal as untimely. It stated that Abbruzzese initiated his action well after the appeals deadline, of which he had been in-

**2.** 5 U.S.C.A. § 2108(3) (1977).

**3.** 39 U.S.C.A. § 1005(a)(2) and § 1206(b) (1979 Supp.). These sections also provide that under no circumstances may access to the Commission be blocked by such agreements.

**4.** 39 U.S.C.A. § 1005(a)(1) and § 1206(b) (1979 Supp.). Such procedures have survived due process challenges. See *Winston v. United States Postal Service,* 585 F.2d 198, 207–210 (7th Cir. 1978); *Austin v. United States Postal Service and American Postal Workers Union, AFL–CIO,* No. 76–C 4681 (N.D.Ill.1978); *Tufts v. United States Postal Service,* 431 F.Supp. 484 (N.D.Ohio 1976).

**5.** The record does not clearly indicate upon what basis the union reached this conclusion. However, we note that Article XVI, § 3 of the 1975–78 National Agreement between the Postal Service and the National Association of Letter Carriers states:

In the case of suspensions of more than thirty (30) days, or of discharge, any employee shall unless otherwise provided herein, be entitled to an advance written notice of the charges against him and shall remain either on the job or on the clock at the option of the employer for a period of thirty (30) days. Thereafter, the employee shall *remain on the rolls* (nonpay status) until disposition of his

case has been had either by settlement with the Union or through exhaustion of the grievance-arbitration procedure. A preference eligible who chooses to appeal his suspension of more than thirty (30) days or his discharge to the Civil Service Commission rather than through the grievance-arbitration procedure *shall remain on the rolls* (nonpay status) until disposition of his case has been had either by settlement or through exhaustion of his Civil Service appeal. (emphasis added)

**6.** § 752.204 Time limit for initial appeal.

(a) Except as provided in paragraph (b) of this section and § 752.205, an employee may submit an appeal at any time after receipt of the notice of adverse decision but not later than 15 days after the adverse action has been effected.

(b) The Commission or the agency, as appropriate, may extend the time limit on appeal to it when the appellant shows that he was not notified of the time limit and was not otherwise aware of it, or that he was prevented by circumstances beyond his control from appealing within the time limit. (36 F.R. 25097, Dec. 29, 1971).

The regulation was amended and renumbered so that it now appears at 5 C.F.R. § 752.203 (1978). These modifications are not relevant in this appeal.

formed. Additionally, the Commission held that Abbruzzese did not fall within any exemptions from the requirement. The district court sustained the Commission and Abbruzzese appealed to this Court. We affirm the judgment of the district court.

Appellant first contends that the effect of the Commission's action is to deny him a hearing in violation of the due process clause of the Fifth Amendment. We disagree. Although Abbruzzese had a property right in his continued employment with the Service,[7] it does not follow that he has a right to a full hearing even when he has failed to file a timely appeal.[8] Due process requires only that he have an opportunity to present his case; it does not require that this opportunity be extended indefinitely.

In the present case, USPS informed Abbruzzese of the fifteen-day deadline for appeals. Moreover, it specifically advised him when that period commenced. Appellant nevertheless disregarded such information, choosing instead to rely on advice which ultimately turned out to be incorrect. We believe that Abbruzzese in fact forfeited his appeal rights by failing to file such action in a timely manner, and for that reason his constitutional claim must be rejected.[9]

Appellant next argues that the Commission acted in an arbitrary and capricious manner when it failed to grant him an extension of the fifteen-day time limit. The regulation permits such extensions only when an employee shows that he "was not notified of the time limit and was not otherwise aware of it" or when he demonstrates that he was "prevented by circumstances" beyond his control from appealing within the time limit."[10]

On this record, we do not believe that the district court's judgment upholding the Commission in this regard was error. First, as we indicated earlier, Abbruzzese was specifically informed by USPS of the applicable deadline. Although its letter might not have clearly delineated the relationship between Abbruzzese's contractual and statutory rights, it did unmistakably inform him that if he wanted to appeal, he had to do so in a timely manner. Second, Abbruzzese himself chose to rely on the advice of his union. As a result, because he alone made that decision, we agree that there simply were no circumstances beyond his control that prevented a timely appeal.

Accordingly, the decision of the district court will be affirmed.

---

7. *Arnett v. Kennedy*, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974); *Board of Regents of State College v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Winston v. U. S. Postal Service, supra; Tufts v. United States Postal Service, supra.*

8. We note in this regard that Abbruzzese could have filed a timely appeal with the Commission and then sought a stay pending the results of the arbitration. Although we do not now decide whether such actions would have been ultimately successful, *see e. g., Postal Workers v. U. S. Postal Service*, 100 LRRM 2114, 2115 (M.D.N.C.1978) (veteran who exercises his right to administrative appeal waives contrac-

tual right to grievance-arbitration procedures), nonetheless had he done so, there would now be evidence on the record indicating that he acted to preserve those rights.

9. *Cf. Malone v. United States Postal Service*, 526 F.2d 1099, 1105 (6th Cir. 1975) (failure to grant preference-eligible postal employee evidentiary hearing before Civil Service Commission following his termination did not violate due process, where employee was advised of his right to such process or arbitration and voluntarily chose the latter).

10. *See* note 6, *supra.*