Robert L. STEPHENS,
Plaintiff-Appellant,

v.

POSTMASTER GENERAL, United States of America and American Postal Workers Union, AFL–CIO, Defendants-Appellees.

No. 78–1288.

United States Court of Appeals,
Ninth Circuit.

June 11, 1980.

Rehearing Denied Aug. 8, 1980.

Thomas W. Malone, Treece, Richadale, Meiner & Malone, Seattle, Wash., for plaintiff-appellant.

Hugh Hafer, Atty., Seattle, Wash., Daniel B. Jordan, Washington, D. C., on brief; Gloria Shanor, Asst. U. S. Atty., Seattle, Wash., Patrick J. Riley, Washington, D. C., for defendants-appellees.

Before CHOY and FERGUSON, Circuit Judges, and BARTELS,* District Judge.

---

* Honorable John R. Bartels, Senior United States District Judge, Eastern District of New York, sitting by designation.

PER CURIAM:

Plaintiff Robert Stephens was removed from his position in the Postal Service.[1] As a veterans' preference eligible employee, Stephens could appeal his discharge to the Civil Service Commission ("CSC") or through the grievance procedures provided him as a bargaining unit employee. Stephens initially appealed his removal through the grievance and arbitration procedures. Before the case was arbitrated, however, and more than seven weeks after he received notice of his removal, he appealed to the CSC. This appeal was rejected as not timely filed. The CSC noted that Stephens had received notice of his appeal rights, including his right to appeal within fifteen days of the effective date of removal. Stephens appealed to the CSC's Board of Appeals and Review, which affirmed. Stephens was also notified of his right to appeal through the union grievance procedures. A copy of the provision in the 1973 Postal Service Collective Bargaining Agreement which pertained to veterans was attached to the notice of removal which was hand-delivered to Stephens:

> Section 6. Veterans' Preference. A preference eligible is not hereunder deprived of whatever rights of appeal he may have under the Veterans' Preference Act; however, if he appeals under the Veterans' Preference Act, he thereby waives access to any procedures under this Agreement beyond Step 2B of the grievance-arbitration procedure.

Subsequent to the affirmance of the CSC's decision by the Board of Appeals and Review, the Postal Service informed the union that Stephens had waived access to the union grievance procedures by virtue of his appeal to the CSC, citing Section 6 of the 1973 agreement. The union agreed.

Stephens subsequently filed his action, alleging that the union had breached its duty of fair representation and charging wrongful discharge by the Postal Service. The district court granted the defendants' motion for summary judgment, finding that Stephens had failed to exhaust his administrative remedies and that the union had not breached its duty. We affirm.

## I. Exhaustion of Administrative Remedies

It is undisputed that Stephens failed to file a timely appeal with the CSC. Stephens claims he was told by the union steward that he could initially appeal to the Postal Service and, if unsuccessful, could then appeal to the CSC. The evidence is uncontroverted, however, that Stephens received notice of his removal and his appeal rights, including the fifteen-day time limit on appeals to the CSC. Stephens chose to disregard the information contained in the notice of removal and to rely, instead, on the erroneous advice of his union steward. In addition, the fact that Stephens had once before appealed to the CSC on the fifteenth and final day for appeal[2] provides further evidence of his awareness of the applicable time limits. The CSC may reject appeals not timely filed, and the failure to file a timely appeal constitutes a failure to exhaust, thereby precluding judicial review. *Olinger v. Partridge*, 196 F.2d 986 (9th Cir. 1952); *Kuhn v. National Ass'n of Letter Carriers*, 528 F.2d 767 (8th Cir. 1976).

## II. Due Process

Stephens argues that denying him a hearing on the issue of termination violates his due process rights. The Supreme Court has made clear, however, that the CSC procedures and regulations meet due process requirements. *Arnett v. Kennedy*, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974).[3] Stephens does not have an absolute right to a hearing, as he contends; he has a right to

---

[1]. The Postal Service initiated the removal action because it had cause to believe that Stephens had been in knowing possession of goods stolen from the mail. Stephens was eventually tried and found not guilty on two counts of being in knowing possession of goods stolen from the mail.

[2]. The Postal Service had issued a notice of proposed removal to Stephens a few months before it issued the notice which precipitated this appeal. The CSC reversed that action, citing procedural defects.

[3]. Stephens' contention that a waiver of the right to a hearing on the termination of his

a postdischarge hearing *if* he complies with CSC regulations. *Id. See also Abbruzzese v. Berzak*, 601 F.2d 107 (3d Cir. 1979).

 Similarly, Stephens' due process rights were not violated by the Postal Service and the union when the arbitration proceedings were cancelled. He was informed in the notice of removal of his right to appeal under the grievance procedures, and that he would waive access to these procedures beyond Step 2B if he appealed to the CSC. As the Sixth Circuit pointed out in *Malone v. United States*, 526 F.2d 1099 (6th Cir. 1975), the Postal Reorganization Act, 39 U.S.C. § 1001, evidences a congressional scheme in which a preference eligible employee has two avenues by which to appeal a discharge. If he chooses to appeal through the grievance procedures, he foregoes some procedural safeguards and surrenders a large measure of control to the union. Given this choice, no due process violation occurs if the employee chooses to appeal through the grievance procedures and his grievance is not taken to arbitration.

### III. *Duty of Fair Representation*

Evidence of arbitrary or discriminatory conduct or bad faith is necessary to support a claim against a union for breach of its duty of fair representation. *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). Stephens has presented no such evidence here. The union may have erred, but negligence is not enough to support a claim for breach of duty. *Motor Coach Employees v. Lockridge*, 403 U.S. 274, 301, 91 S.Ct. 1909, 29 L.Ed.2d 473 (1971); *Dente v. International Organization of Masters, Mates and Pilots*, 492 F.2d 10, 12 (9th Cir. 1973), *cert. denied*, 417 U.S. 910, 94 S.Ct. 2607, 41 L.Ed.2d 214 (1974).[4]

AFFIRMED.

---

employment must be voluntary and knowing is meritless in light of *Arnett*.

4. Stephens' reliance on this court's decision in *Retana v. Apartment, Motel, Hotel & Elevator Operators Union*, 453 F.2d 1018 (9th Cir. 1972), is misplaced. In *Retana*, this court reviewed a Fed.R.Civ.P. 12(b)(1) dismissal, treated as a Rule 12(b)(6) dismissal on appeal. The court

held that the allegations of breach of the union's duty of fair representation were adequate to withstand a motion to dismiss. Stephens ignores the procedural context of *Retana*. Moreover, Stephens' contention that erroneous, albeit good-faith, actions constitute breaches of the union's duty falls even under *Retana's* liberal construction of that duty.