UNITED STATES of America,
Appellant,

v.

J. Ed SMITH a/k/a Joseph Edward Smith, and Producers Minerals Corporation, Appellees.

No. 78–1869.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 9, 1980.

Decided Aug. 11, 1980.

---

EUGENE A. WRIGHT, Circuit Judge:

## FACTS

Smith, a landowner near the Gila River, was sued by the United States acting on its own behalf and on behalf of Indian tribes which have rights to the natural flow of the river. It is agreed that if Smith's well takes water from the river the government may have injunctive and monetary relief.

We affirm the district court's determination in dismissing the action that Smith's well does not appreciably diminish the flow of the river.

The Gila River rises in western New Mexico and flows through Arizona to its confluence with the Colorado River near Yuma. In 1935 the district court in Arizona issued the Globe Equity Decree, adjudicating rights to the flow of the river. Smith purchased his farm in 1948 from the United States but obtained no Gila River water rights.

In 1969 he began to pump water from an underground well on his land within 400 feet of the Gila River. The well pumped water (1) to Smith's own four-acre farm for his domestic use and (2) to a mine off Smith's land belonging to Producers Minerals Corporation (the mine).

Smith's domestic use of well water was and is minimal and the government seeks no damages for it. The mine, however, received over 177 million gallons of Smith's water between 1969 and 1971. The government brought this action in 1971 to enjoin further pumping and to recover damages for water already pumped. Smith has pumped no water to the mine since suit was brought but continues to pump a small amount for domestic use.

Jacques Gelin, Asst. U. S. Atty., Washington, D. C., argued, for appellant; Richard S. Allemann, Asst. U. S. Atty., Phoenix, Ariz., on brief.

Wilford R. Richardson, Richardson & Mortensen, Safford, Ariz., for appellees.

The government, in a memorandum filed with the district court, indicated that it has no desire to cut off Smith's domestic water use, and that if successful herein it will waive any rights under an injunction and allow Smith to pump water for his own use.

## STANDARD OF REVIEW

We must accept the trial court's findings of fact if not clearly erroneous, giving due regard to its opportunity to

Before WRIGHT, GOODWIN and WALLACE, Circuit Judges.

judge the credibility of witnesses, including experts. F.R.Civ.P. 52(a); *Mayview Corp. v. Rodstein*, 620 F.2d 1347, 1353 (9th Cir. 1980).

If, however, the trial court applied an incorrect legal standard, its findings are reviewable. *Miller v. United States*, 587 F.2d 991, 994 (9th Cir. 1978).

## THE GOVERNMENT'S CONTENTIONS

■ The government raises two issues on appeal. It contends first that the trial court's findings are "incredible," in that Smith's well must have been pumping Gila River water. Second, the government argues that the court improperly rested its decision on Arizona law, specifically in its application of the Arizona presumption that underground water is percolating water.[1]

## DISCUSSION

We note initially what this case is not. It is not a test case to decide whether Arizona landowners may pump from underground wells with impunity and thereby divert Gila River water. The government, in its trial memoranda and at oral argument, continually characterized this case as an "important precedent" which, if decided for Smith, would open a "Pandora's box" and have a "devastating" effect on rightful owners of Gila River water. The district court rejected this characterization of the case, as do we. The court's findings of fact read, in part:

35. The water table in the area of the Smith well is not mainly dependent on the Gila River in that area for its waters. Pumping the Smith well does not directly and appreciably diminish the water of the Gila River.

36. The waters of the Smith well are not from the subflow of the Gila River.

■ Our holding is limited to these specific findings.[2] Should others drill wells near the river the government may seek appropriate legal action. Each case must be decided on its own facts.[3] Pandora's box remains closed.

■ We reject the government's contention that the court's findings are incredible. The trial judge heard experts testify on the hydrological relationship between Smith's well and the river. A government expert said that the two are not even "remotely" connected. The trial judge credited Smith's witness and we cannot say this finding was clearly erroneous.

We reject also the contention that the decision must be reversed because the court based its holding on an incorrect legal standard. The trial court's findings of fact are supported by substantial evidence in the form of expert testimony and were independent of the court's conclusions of law.

Even if the court's legal conclusions were incorrect, a question we need not decide, the judgment rests on solid factual findings which are binding on us. We may affirm a judgment for any reason that finds support in the record, *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980), and there is ample support in this record for the findings of fact.

The government has always conceded that if in fact Smith's well does not pump Gila River water then he is entitled to judgment. Because the court resolved this fac-

---

1. Under Arizona law, all underground water is presumed percolating water, i. e., independent of surface water. The presumption may be rebutted only by clear and convincing evidence. Arizona ground water law has been substantially revised since the present action was brought. *See* Goodman, "Current Groundwater Law in Arizona," 1978 Ariz.St.L.J. 205.

2. The court's disallowance of damages for water pumped to the mine between 1969 and 1971 reflects its finding that the government had not met its burden of proving that the water was Gila River water. The record con-

vinces us that this finding was not clearly erroneous.

3. Such actions must be decided according to scientific factual determinations, and not on a state law presumption without basis in fact. We are not hydrologists but we note that one commentator has said:

> The continued attempts to justify the distinction in groundwater law between percolating water and underground channels ignores reality in favor of faulty rationalization.

Goodman, *supra*, 1978, Ariz.St.L.J. at 207–208.

tual question in Smith's favor, the complaint was properly dismissed. The judgment is affirmed.