Anthony **FONT LLACER,** Plaintiff,

v.

**PAN AMERICAN WORLD AIRWAYS, INC. and Transport Workers Union of America, AFL–CIO, Transport Division, Local 500,** Defendants.

**Civ. No. 83–2604 (JP).**

United States District Court,
D. Puerto Rico.

March 13, 1984.

George L. Weasler, Santurce, P.R., for plaintiff.

Edwin J. Guillot, Jr., McConnell, Valdes, Kelley, Sifre, Griggs & Ruiz Suria, San Juan, P.R., for Pan American World Airways, Inc.; Richard Schoolman, Patricia J. Langer, Pan American World Airways, Inc., Legal Dept., New York City, of counsel.

Francisco Aponte Pérez, San Juan, P.R. and Dubbin, Berkman, Dubbin & Greenfield, Alan E. Greenfield, Miami, Fla., for Transport Workers of America, AFL–CIO, Transport Division, Local 500.

## OPINION AND ORDER

PIERAS, District Judge.

Pending in the above captioned case were two motions for summary judgment, one filed by co-defendant Pan American World Airways, Inc. (Pan Am) on December 12, 1983, and another motion for summary judgment filed by co-defendant Transport Workers Union of America, AFL–CIO, Transport Division, Local 500 (the Union) filed on December 30, 1983. The plaintiff, Anthony Font Llacer, duly filed his opposition to both motions for summary judgment, but informs the Court that settlement has been reached between plaintiff and the Union. The Court hereby addresses itself to Pan Am's motion for Summary Judgment and hereby concludes as follows:

FINDINGS OF FACT:

1. Plaintiff Anthony Font Llacer worked for Pan American as a fleet serviceman, mechanic and ground service employee from 1953 to 1976.

2. Plaintiff is a member of the Transport Workers Union and his terms of employment were governed by a collective bargaining agreement between the Union and Pan Am, pursuant to the Railway Labor Act, 45 U.S.C. Sections 151 et seq.

3. Plaintiff was laid off by Pan Am in October 1976, and subsequently, received disability benefits because of a favorable decision of the Social Security Administration.

4. On February 22, 1980, Pan Am sent plaintiff a recall notice advising him that effective February 27, 1980, positions of fleet servicemen were available. Plaintiff advised his employer that due to his disabil-

ity from the Social Security Administration, he could not accept the recall.

5. Pan Am notified plaintiff by letter on February 29, 1980 that because of the Social Security disability finding, Pan Am would remove plaintiff from all recall lists for mechanics and fuelers. Pan Am notified plaintiff that he had fifteen (15) days to object to the removal of his name from the list; however, plaintiff never responded.

6. Plaintiff's disability period ceased on August 1982 when the Social Security Administration sent him a termination notice. Pan Am did not recall plaintiff.

7. On July 16, 1982, the plaintiff filed a grievance under the procedures of the collective bargaining agreement in effect between Pan Am and the Union.

8. On July 20, 1982, Pan American denied plaintiff's grievance as untimely based on Pan American's letter of February 29, 1980. (See Finding 5, *supra*.).

9. On July 26, 1982, the plaintiff filed an appeal with the Board of Adjustment; pursuant to Article 23 of the Collective Bargaining Agreement and the Railway Labor Act, Sec. 184, this board is an arbitration panel.

10. On March 30, 1983, plaintiff was notified by the office of the Union's president that his grievance had been "heard recently at the Systems Board" and that he should be receiving a decision in the near future.

11. By letter of June 7, 1983, plaintiff was notified of the April 21, 1983 final decision of the Board of Adjustment. The Board denied plaintiff's demand for reinstatement, but held that he be reinstated to the Mechanic recall list and that he be eligible for future recall subject to the normal qualification.

PLAINTIFF'S CLAIM FOR RELIEF:

Plaintiff Anthony Font Llacer alleges error on the Board's decision because he has more seniority than any mechanic on the recall list and, as such, Pan Am has failed to recall him or return him to the payroll while granting working and recall rights to employees with less seniority. (Paragraph 14 of the Complaint). Plaintiff also claims that the Union failed to advise him in advance of the Hearing before the Board, thereby denying him the right of fair representation and the right to appear personally to prepare and assist in the presentation of his claim for employment and seniority. (Paragraph 17 of the Complaint). For all of the above, plaintiff seeks an order for reinstatement to his former employment as a mechanic, retroactive to August 1, 1982, and damages in an amount equal to the amount he would have earned since that date, based on the earnings of the persons who replaced him on the seniority list.

ISSUES OF LAW:

The jurisdiction of this Court is premised on 45 United States Code, Section 181, which applies Sections 151 to 152 and 154 to 163 of the Railway Labor Act to Carriers by Air. The plaintiff seeks judicial review by the district court of the decision of the Board of Adjustment. Both co-defendants, Pan American and the Union, allege in their respective motions for summary judgment that plaintiff has failed to state a cause of action upon which relief may be granted because this Court lacks jurisdiction over the subject matter. The case of *Union Pacific Railroad Co. v. Sheehan*, 439 U.S. 89, 99 S.Ct. 399, 58 L.Ed.2d 354 (1978), *reh. den.*, 439 U.S. 1135, 99 S.Ct. 1060, 59 L.Ed.2d 98 (1979) is cited for the narrow scope of judicial review afforded to the Courts when reviewing a decision of the Adjustment Board.

"Judicial review of Adjustment Board orders is limited to three specific grounds: (1) failure of the Adjustment Board to comply with the requirements of the Railway Labor Act; (2) failure of the Adjustment Board to conform, or confine, itself to matters within the scope of its jurisdiction; and (3) fraud or corruption. 45 U.S.C. Sec. 153 First (q). Only upon one or more of these bases may a court set aside an order of the Adjustment Board." *Union Pacific Railroad Co., supra*, 439 U.S. at 93, 99 S.Ct. at 402.

The plaintiff does not allege any of the above mentioned grounds for judicial review. Plaintiff has not alleged a failure of the Adjustment Board to comply with the requirements of the Railway Labor Act, a failure of the Board in conforming itself to matters within its jurisdiction, and lastly, no allegations of fraud or corruption are alleged. Plaintiff's allegations of violations in the collective bargaining agreement consist in Pan Am's failure in recalling him despite his seniority status. This allegation falls well within the definition of a "minor dispute" because there exists a collective bargaining agreement and there is "a situation in which no effort is made to bring about a formal change in the terms or to create a new one." *Elgin, J. & E.R. Co. v. Burley,* 325 U.S. 711, 723, 65 S.Ct. 1282, 1290, 89 L.Ed. 1886 (1945); *De La Rosa Sánchez v. Eastern Airlines, Inc.,* 574 F.2d 29, 31 (1st Cir.1978). It is precisely these types of "minor disputes" which fall squarely within the jurisdiction of the Advisory Board and "no federal or state court has jurisdiction over the merits of any employment dispute subject to determination by a system board of adjustment." *Andrews v. Louisville & Nashville R. Co.,* 406 U.S. 320, 92 S.Ct. 1562, 32 L.Ed.2d 95 (1972); *De La Rosa Sánchez v. Eastern Airlines, Inc., supra,* at 32.

In *Union Pacific Railroad Co., supra,* The United States Supreme Court reversed the Tenth Circuit Court of Appeals holding that:

> "The dispositive question is whether the party's objections to the Adjustment Board's decision fall within any of the three limited categories of review provided for in the Railway Labor Act. Section 153 First (q) unequivocally states that the "findings and order of the [Adjustment Board] shall be conclusive on the parties" and may be set aside only for the three reasons specified therein. We have time and again emphasized that this statutory language means just what it says. *See, e.g., Gunther v. San Diego & A.E.R. Co.,* 382 U.S. 257, 263 [86 S.Ct. 368, 372, 15 L.Ed.2d 308]; *Union Pacific*

*Railroad Co., supra,* 439 U.S. at 93, 99 S.Ct. at 402.

The Supreme Court continues to stress that the purpose of the Adjustment Board is to have a tribunal of workers and management for the prompt, orderly and final settlement of grievances which arise daily between employees and carriers. These "minor disputes" were to be contained within the purview of the Adjustment Act and not within the ambit of the district court, as the finality of a Board decision would work towards the ultimate benefit of the employee in receiving a final answer and avoiding the expense of a time-consuming appeal. *Union Pacific Railroad Co.,* at 94, 99 S.Ct. at 402. Thus, the determination of plaintiff's seniority and the applicability of his seniority status to a recall fall within the defined jurisdiction of the Adjustment Board, and judicial review of these minor disputes is limited to the three specific grounds set by the Supreme Court.

Plaintiff contends as an additional ground for jurisdiction that the Union did not advise him of the hearing date and, therefore, he was denied "the right of fair representation and the right to appear personally to prepare and assist in the presentation of his claim." (Paragraph 15, 17 of the Complaint). Our own Circuit in *Stanton v. Delta Air Lines, Inc.,* 669 F.2d 833, 836 (1st Cir.1982) has stated:

> Ordinarily, courts do not even have jurisdiction over the merits of any employment dispute subject to determination by a system board of adjustment ... There is, of course, an exception allowing a court jurisdiction to determine whether a union has represented the employee properly ... But, given the strong proarbitration policies of the Railway Labor Act, this exception must be interpreted narrowly. Thus, the burden rests on those opposed to arbitration as a remedy to demonstrate why it is unsuitable.

Plaintiff has not satisfied this burden; he was fully and fairly represented by the Union at the hearing. On July 14, 1982, plaintiff authorized the Transport Workers Union of America, AFL–CIO, in writing, to

act as his representative in the disposition of this grievance. The July 26, 1982 letter sent to Mr. Pat Nugent, President of the Transportation Workers Union, AFL–CIO, Local 500, authorized the Union to undertake action and plaintiff even enclosed wage information for the years 1974, 1975 and 1976. The plaintiff also sent a letter dated March 17, 1983 to Mr. William G. Lindner, the International President of the Transport Workers Union, which was answered by Mr. Michael Bakalo on March 30, 1983 informing plaintiff that his grievance was heard recently and that he should be receiving a decision in the near future. He subsequently received the final decision of the Board denying his reinstatement, yet placing him in the mechanic recall list with eligibility for future recall subject to the normal qualification requirements. (Decision of the Board of April 21, 1983). Plaintiff was not present at the hearing before the Board, but he has not demonstrated or alleged that the decision of the Board would have been different had he been present. Furthermore, the affidavit of Mr. J. Doug Worm, the Regional Director of Labor Relations for Pan Am, states in paragraph 11 as follows:

"Plaintiff was not present at the hearing before the Board. However, as a matter of common practice, grievants do not appear at the hearing of their grievance if it involves, as here, a question of contract interpretation (other than the propriety of disciplinary measures), because the Transportation Workers Union acts on behalf of the grievant. It is usual for only the union representative to be present. Plaintiff was not prejudiced in any way by not being present and received the same representation as every Transportation Workers Union grievant."

It appears that plaintiff was not kept fully abreast on the development of his case; yet, there are no allegations concerning the Union's conduct which prejudiced the plaintiff and which are actionable against the Union. Plaintiff has not alleged that other similar grievances were handled differently by the Union and he also has not shown that in cases of contract interpretation, grievants are normally present. This allegation of non-attendance is to be contrasted with *Robesky v. Qantas Airways Ltd.*, 573 F.2d 1082, 1090–91 (9th Cir.1978) where the union's failure to inform the employee of certain facts led the employee to turn down an offer of reinstatement. Thus, plaintiff has not met his burden; there are no allegations that the Union acted in an arbitrary, capricious or discriminatory manner. *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). When the Union has breached its duty of fair representation, this Court acquires jurisdiction; *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967) and when there has been a breach of the duty of fair representation, the Adjustment Board decision is not entitled to its ordinary deference. *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 571, 96 S.Ct. 1048, 1059, 47 L.Ed.2d 231 (1976). However, mere negligence is not sufficient, the plaintiff must carry his burden. *Stephens v. Postmaster General*, 623 F.2d 594, 596 (9th Cir.1980). In the case at bar, this burden has not been satisfied by plaintiff. There are no allegations of bad faith on the Union's part which caused prejudice to plaintiff, and "failure to notify an employee of a meeting between the Union and company concerning a grievance was perhaps negligent, but not enough to constitute a breach of the Union's duty of fair representation." *Singer v. Flying Tigers Line, Inc.*, 652 F.2d 1349, 1354 (9th Cir.1981), *quoting, Whitten v. Anchor Motor Freight, Inc.*, 521 F.2d 1335, 1341 (6th Cir. 1975) *cert. den.*, 425 U.S. 981, 96 S.Ct. 2188, 48 L.Ed.2d 807 (1976).

CONCLUSION:

The determination of plaintiff's seniority and the applicability of his seniority status to a recall fall within the defined jurisdiction of the Adjustment Board, and judicial review of these minor disputes is limited to the three specific grounds set out in *Union Pacific Railroad Co., supra;* none of which are alleged in the Complaint. Like-

wise, the Union's failure in not notifying plaintiff of the hearing date is not, in the case at bar, sufficient grounds to constitute a breach of the Union's duty of fair representation. Therefore, this Court is now foreclosed from judicially reviewing the decision of the Adjustment Board and the Summary Judgment filed by Pan Am is hereby GRANTED.

The Clerk shall act accordingly.

IT IS SO ORDERED.