972 F.2d 1341
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Karen E. NABERHAUS, Plaintiff-Appellant,
v.
CHEMED CORPORATION; Dubois Chemical Co., Inc., Defendant-Appellee.
 No. 91-15076.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted February 14, 1992.
Decided Aug. 12, 1992.
 
 Before GOODWIN, FARRIS and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 OVERVIEW
 
 2
 Karen Naberhaus appeals the district court's judgment denying her Title VII sex discrimination claim against her former employer, DuBois Chemical, for terminating her. The district court held that Naberhaus failed to establish a prima facie case of sex discrimination under either disparate treatment analyses, pretext ("McDonnell Douglas/Burdine "), or mixed motive ("Price Waterhouse ") in DuBois' decision to terminate her. Naberhaus argues that the district court's factual findings supporting its holding are clearly erroneous. We have jurisdiction, 28 U.S.C. § 1291, and we affirm.
 
 FACTS AND PROCEEDINGS BELOW
 
 3
 Karen Naberhaus worked as a secretary for DuBois Chemical Corporation, a manufacturer of institutional cleaning products, in Cincinnati since 1974. She decided to move to Las Vegas, and sought a position with DuBois' Las Vegas office. The only position open was a sales position; Naberhaus had no prior sales experience. Despite her lack of experience, Naberhaus was hired and began in September of 1985.
 
 
 4
 Upon her employment, Naberhaus entered into an "Incentive Credit Compensation Program" agreement, or "ICP", with DuBois. Under the ICP, her guaranteed monthly income of $1500 would decline by $56.25 per month, the "stepdown quota", which would be offset by sales to new clients whom Naberhaus was to cultivate. Naberhaus never met her stepdown quota of sales to new clients except for the month of January, 1986. She was terminated on March 14, 1986, and the "main contributing factors" to her failure, as stated by her supervisor, District Manager David Hafling, were "not planning, emphasis of household products too much, unconfident. Not [meeting] requirements of ICP program."
 
 
 5
 Naberhaus alleges, and DuBois disputes, that Naberhaus was hired and required to sell exclusively "housekeeping"[1] products because, as a female, she would have a rapport with other women to whom she would be selling. Housekeeping products account for less than 5% of DuBois' sales, and no salesperson has been able to meet his or her sales quota solely by sales of housekeeping products.
 
 
 6
 The district court, in a bench trial, rendered judgment against Naberhaus. Adopting the Defendant's Proposed Findings of Fact almost verbatim, the district court found that DuBois did not limit Naberhaus to selling only housekeeping products, as most of the base business assigned to her consisted of warewashing products. Court's Finding of Fact 14. The court found that DuBois terminated Naberhaus solely because of her inadequate sales performance. Court's Finding of Fact 34. The court concluded that Naberhaus failed to establish a prima facie case under either Price Waterhouse or McDonnell-Douglas and Burdine. Court's Conclusions of Law 2 and 3.
 
 STANDARD OF REVIEW
 
 7
 Findings of fact are reviewed under the clearly erroneous standard. Fed.R.Civ.P. 52(a); Kruso v. International Telephone and Telegraph Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990) A finding is "clearly erroneous" when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. Anderson v. Bessemer City, 470 U.S. 564, 573 (1984); Gay v. Waiter's and Dairy Lunchmen's Union, 694 F.2d 531, 542-545 & n. 13 (9th Cir.1982). The reviewing court cannot reverse simply because it would have decided the case differently. Anderson, 470 U.S. at 573. As long as the district court's account of the evidence is plausible in light of the record viewed in its entirety, it may not reverse even though the reviewing court is convinced that it would have decided the case differently. Id. at 573-574.
 
 ANALYSIS
 
 8
 To establish a prima facie case of pretextual disparate treatment under Title VII, a plaintiff must, under the framework adapted from McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) and Texas Department of Community Affairs v. Burdine, 450 U.S. 248 (1981), show by a preponderance of the evidence that she is a member of a protected group; she was qualified for continued employment and satisfied the normal requirements of the job; she was terminated; and, in this case, either she was replaced by a male employee, see Jones v. Los Angeles Community College District, 702 F.2d 203, 205 (9th Cir.1983), or other male employees with comparable qualifications and work records were not terminated. Cf. Rowe v. Kidd, 731 F.Supp. 534, 536 (D.D.C.1990) (race discrimination). Under the Price Waterhouse "mixed motives" analysis, Naberhaus would have to prove by a preponderance of the evidence that her gender was but one factor among other legitimate factors considered in her termination. Price Waterhouse v. Hopkins, 490 U.S. 228, 258 (1989) (plurality opinion).
 
 
 9
 If the plaintiff establishes a prima facie case of pretextual discrimination, the defendant must proffer a legitimate, nondiscriminatory reason for its actions. If it does so, the plaintiff must be provided the opportunity to prove by a preponderance of the evidence that the defendant's reason is pretextual. The burden of persuasion remains at all times with the plaintiff. Burdine, 450 U.S. at 252-256. If the plaintiff establishes a prima facie case of mixed motives discrimination, the defendant must prove by a preponderance of the evidence that it would have made the same decision absent consideration of the plaintiff's gender. Price Waterhouse, 490 U.S. at 258 (plurality opinion).
 
 
 10
 The district court found that Naberhaus' termination was a result of her low sales, not gender discrimination. This finding of fact is plausible. Naberhaus' predecessors had been fired for the same reason, one after only ninety days of employment.
 
 
 11
 The district court's finding that Naberhaus was not restricted to selling housekeeping products is also plausible. Naberhaus presented only her testimony and that of a co-worker to the effect that she had been confined to or asked to "focus on" selling housekeeping products, while DuBois presented the testimony of Naberhaus' supervisor and exhibits showing Naberhaus' warewashing sales to dispute her claim. There appears to be no clear error.
 
 
 12
 Naberhaus did not satisfy the normal requirements of her job; therefore she did not establish a prima facie case of disparate treatment. We find no clear error in the factual findings supporting the conclusion that a prima facie case was not established.
 
 
 13
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 DuBois' principle product lines are "housekeeping" products for cleaning rooms, "warewashing" products for washing dishes, and laundry products. When Naberhaus began, warewashing products accounted for 80-85% of DuBois' business in Las Vegas