**Bonita A. BURKS, Plaintiff–Appellant,**

v.

**DEPARTMENT OF ARIZONA ECONOMIC SECURITY, Employment Tax Audit Office—Mesa, Defendant–Appellee.**

No. 99–16688.

D.C. No.CV–97–01337–RGS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 2001.

Decided March 19, 2001.

Before B. FLETCHER, FERNANDEZ, and PAEZ, Circuit Judges.

MEMORANDUM *

Plaintiff Bonita Burks appeals from the district court's order granting summary judgment in favor of the State of Arizona's Department of Economic Security ("DES") on her Title VII claims alleging race and sex discrimination and retaliation. Except as explained below, we have jurisdiction under 28 U.S.C. § 1291, and we affirm.

A. Race Discrimination

We review the district court's order granting summary judgment de novo, *see, e.g., Botosan v. Paul McNally Realty,* 216 F.3d 827, 830 (9th Cir.2000), viewing the evidence in the light most favorable to Burks. *Bradley v. Harcourt, Brace & Co.,* 104 F.3d 267, 269 (9th Cir.1996). Under the familiar standard for analyzing a claim of race discrimination under Title VII, the plaintiff first must establish a prima facie case of race discrimination. *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 506, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). The district court assumed that Burks had met her burden, and so do we. The burden of production then shifts to DES to show that Burks was terminated " 'for a legitimate, nondiscriminatory reason.' " *Id.* at 507, 113 S.Ct. 2742 (quoting *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 254, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981)). The district court held that DES had met its burden by demonstrating that Burks was terminated as a result of her sub-par performance evaluations. We

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Cir. R. 36–3.

agree. Lastly, to prevail, Burks must show that DES' " 'proffered reason was not the true reason for the employment decision' and that race was." *Id.* (quoting *Burdine*, 450 U.S. at 256, 101 S.Ct. 1089). This is referred to as a showing that the defendant's justification was "pretextual."

▇▇▇ Because Burks relies on circumstantial evidence of race discrimination, she must produce " 'specific' and 'substantial' [evidence of pretext] in order to create a triable issue with respect to whether the employer intended to discriminate ...." *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1222 (9th Cir.1998) (quoting *Bradley*, 104 F.3d at 270). We agree with the district court that Burks cannot meet this burden. Burks' primary allegation is that her supervisor, Richard Barrey, shortened her probationary period so that she could not complete her required number of assignments. But both of the other probationary employees with whom Burks was hired had their evaluation periods changed as well. A white employee was not terminated, but she had met her audit quota. Burks has not demonstrated that she and that employee were treated differently.

▇▇▇ In her opposition to DES' motion for summary judgment, Burks said she had a witness, a black woman, who would testify that her review scores were also altered by Barrey. But that witness was not deposed and did not submit an affidavit. Burks' unsupported assertion about what the woman would say if called to testify cannot be considered "substantial" evidence. Next, the district court was correct to reject Barrey's remarks to Burks as having little probative value. The first comment, that Burks was going to be unable to meet her audit quota, was little more than an objective assessment of Burks' position. The second comment, that she was facing a transfer to another office, was also addressed to a white em-

ployee. And with regard to the third comment, that Burks had been shopping while on duty, Burks has admitted that she has no evidence that any prior African–American employee had been caught shopping while on duty.

▇▇▇ Burks' subjective assessment of her performance carries little weight. *See Bradley*, 104 F.3d at 270. And her contention that she received positive feedback from other supervisors, Mark Zimmerman and Julian Rodela, is belied by those individuals' own depositions. In sum, Burks has failed to present specific and substantial evidence of pretext.

## B. Retaliation and Sex Discrimination

▇▇▇ To establish federal subject matter jurisdiction over an employment discrimination claim, a plaintiff must exhaust her administrative remedies by filing a charge with the Equal Employment Opportunity Commission ("EEOC"), before filing a federal court complaint. *See, e.g., Paige v. California*, 102 F.3d 1035, 1041 (9th Cir.1996). The district court's conclusion that it lacked subject matter jurisdiction is reviewed de novo. *See Botosan*, 216 F.3d at 830.

Burks never raised her retaliation claim in her EEOC administrative charge. Because there is no evidence that the incident that allegedly resulted in the retaliation, Alfreda Stanley's grievance against Barrey, was motivated by racial or sexual animus, we cannot find that the retaliation claim is "reasonably related to the allegations of the EEOC charge...." *Oubichon v. North Am. Rockwell Corp.*, 482 F.2d 569, 571 (9th Cir.1973). We lack jurisdiction over this claim.

▇▇▇ After filing suit, Burks amended her EEOC charge to include an allegation of sex discrimination. We need not determine if that amendment was effective, be-

458

cause we hold that the district court had jurisdiction over the sex discrimination claim, which was "reasonably related to the allegations in the EEOC charge." *Id.* A reasonably thorough investigation of Burks' EEOC charge would have revealed the allegation that Barrey accused Burks of shopping while on duty because a prior black female employee had been caught doing so. *See Green v. Los Angeles County Superintendent of Schs.,* 883 F.2d 1472, 1476 ("In determining whether an allegation under Title VII is like or reasonably related to allegations contained in a previous EEOC charge, the court inquires whether the original EEOC investigation would have encompassed the additional charges."). The allegation involves a "combination of factors," both race and sex discrimination. *Lam v. University of Hawaii,* 40 F.3d 1551, 1562 (9th Cir.1994). Therefore, the two claims, race and sex discrimination, are reasonably related, and we disagree with the district court that it did not have jurisdiction over this claim.

 However, we may affirm the district court's order granting summary judgment on any ground fairly supported by the record. *Keyser v. Sacramento City Unified Sch. Dist.,* No. 99–17562, 2000 WL 33155487, *6 (9th Cir. Feb.7, 2001). Because Burks has failed to establish a prima facie case of sex discrimination, we affirm. First, Burks was replaced by another woman, and, therefore, she cannot meet the test established by this court in *Jones v. Los Angeles Community College Dist.,* 702 F.2d 203, 205 (9th Cir.1983). Second, Burks suggests that her sex discrimination claim is also based on sexual harassment. But Barrey's stray comments do not constitute evidence of "[c]onduct ... severe or pervasive enough to create an objectively hostile or abusive work environment ...." *Oncale v. Sundowner Offshore Servs., Inc.,* 523 U.S. 75, 81, 118 S.Ct. 998, 140 L.Ed.2d

201 (1998). Furthermore, Burks presented no evidence that Barrey made any comments that were sexual in nature. *Cf. Meritor Savings Bank v. Vinson,* 477 U.S. 57, 65, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986).

AFFIRMED.

FERNANDEZ, Circuit Judge, concurring.

I concur in the result. While I do not agree that we have jurisdiction over the sex discrimination claim, if we did the majority's resolution of it is flawless.