Jacqueline ALEXANDER, Plaintiff–Appellant,

v.

Anthony J. PRINCIPI, Secretary of Veterans' Affairs,* Defendant–Appellee.

No. 99–55755, 00–56252.
D.C. Nos. CV–97–02531–LGB–VAP & CV–98–09995–LGB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 11, 2001.

Decided Aug. 8, 2001.

* Anthony J. Principi is substituted for his predecessor, Togo West, as Secretary of Veterans' Affairs. Fed. R.App. P. 43(c)(2).

Before WARDLAW, PAEZ, and RICHARD C. TALLMAN, Circuit Judges.

MEMORANDUM **

Jacqueline Alexander appeals from the summary judgments dismissing her two claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e—2000e-17, against the Department of Veterans' Affairs ("VA"). In Appeal No. 99–55755, Alexander alleged that she had suffered unlawful discrimination and retaliation on the basis of race, sex, and religion, in the form of harassment and other adverse employment actions. In Appeal No. 00–56252, she alleged that she had been unlawfully terminated from her position as a VA chaplain. In an order filed on May 10, 2001, we consolidated the two cases for the purposes of appeal. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, reverse in part, vacate in part, and remand.

A. Appeal No. 99–55755

A grant of summary judgment is reviewed de novo. *Botosan v. Paul McNally Realty*, 216 F.3d 827, 830 (9th Cir.2000). Our review is governed by the same standard used by the district court under Federal Rule of Civil Procedure 56(c). *Adcock v. Chrysler Corp.*, 166 F.3d 1290, 1292 (9th Cir.), *cert. denied*, 528 U.S. 816, 120 S.Ct.

55, 145 L.Ed.2d 48 (1999). That is, we must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir.2000) (en banc).

As an initial matter, we affirm the district court's order granting the VA's motion for summary judgment on Alexander's disparate treatment claim. The claim is governed by the familiar burden-shifting test set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973): to establish a prima facie case of discrimination, the plaintiff must show that (1) she belongs to a protected class; (2) she was qualified for the position; (3) she was subject to an adverse employment action; and (4) similarly situated individuals outside her protected class were treated more favorably. We agree with the district court that Alexander has not shown she was subject to an adverse employment action.

Alexander argues on appeal that the following should have been considered adverse employment actions or that, taken together, they constitute a hostile work environment: (1) close monitoring; (2) verbal attacks; (3) demeaning treatment; and (4) a letter of reprimand. Alexander may not raise a hostile work environment claim for the first time on appeal. *See EEOC v. Dinuba Medical Clinic*, 222 F.3d 580, 585 n. 2 (9th Cir.2000). Similarly, at the district court, Alexander only alleged close monitoring as part of her retaliation claim. We will not consider it as part of her disparate treatment claim now. *Id.*

The alleged verbal attacks and demeaning conduct cannot constitute an

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Cir. R. 36–3.

adverse employment action in the absence of some tangible harm. *See, e.g., Strother v. S. Cal. Permanente Med. Group,* 79 F.3d 859, 869 (9th Cir.1996); *Steiner v. Showboat Operating Co.,* 25 F.3d 1459, 1465 n. 6 (9th Cir.1994). The case upon which Alexander relies, *Munday v. Waste Mgmt. of North Am.,* 858 F.Supp. 1364 (D.Md.1994), has been overruled by the Fourth Circuit on appeal. 126 F.3d 239, 243 (4th Cir.1997). Finally, a negative evaluation that does not remain in the employee's file is not an adverse employment action. *See Kortan v. Cal. Youth Auth.,* 217 F.3d 1104, 1112–13 (9th Cir. 2000). Alexander concedes that the letter of reprimand is no longer in her file.

■ Similarly, we affirm the district court's order granting the VA's summary judgment on Alexander's retaliation claim to the extent that the district court correctly identified the alleged adverse action. To make out a prima facie retaliation claim, an employee must show that (1) she engaged in protected activity; (2) her employer subjected her to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse action. *Ray v. Henderson,* 217 F.3d 1234, 1240 (9th Cir.2000). The *McDonnell Dougas* burden-shifting analysis then applies. *Id.*

For the reasons articulated by the district court in its summary judgment order, even if Alexander has shown that her suspension was retaliatory, she has not shown that the VA's justification was pretextual. *See Jones v. Los Angeles Community College Dist.,* 702 F.2d 203, 205 (9th Cir.1983) (holding that the defendant's "belief in the truth of the charges was a 'legally sufficient' explanation for the adverse employment action."). Thus, this part of her retaliation claim fails.

■ However, we reverse the order granting summary judgment to the extent that Alexander has raised a claim for retaliatory harassment. In *Ray,* a case decided after the district court's summary judgment order and the parties' briefing to this court was complete, we held for the first time that "harassment as retaliation for engaging in a protected activity" is actionable. 217 F.3d at 1245. The VA urges that we not consider this claim because Alexander did not raise it in the district court. Even if Alexander did not raise it, which is not altogether clear, we may nevertheless address the claim. We may reach questions not raised in the district court if they arose "while the appeal was pending due to a change in law." *Dinuba Medical Clinic,* 222 F.3d at 586.

■ The VA has conceded that Alexander has met the first prong of the retaliation test: she engaged in protected activity by filing EEO complaints. Considering the totality of the circumstances, Alexander has demonstrated that she has suffered an adverse employment action in the form of harassment. Viewing the sworn statements of her co-workers in the light most favorable to her, Alexander was subjected to repeated verbal harassment, often in response to her allegations of discrimination. *See Ray,* 217 F.3d at 1245 ("Repeated derogatory or humiliating statements ... can constitute a hostile work environment."). Alexander was closely monitored by her superiors. She was given a letter of reprimand and suspended, which should be considered as part of a hostile environment claim, even if they cannot be independent bases for a Title VII violation.

Alexander also has shown that there was a causal link between her protected activity and the alleged harassment. It appears that each time Alexander filed an EEO complaint, she was subject to additional harassment. According to the sworn statements of Alexander's co-workers, the verbal assaults often followed her public

allegations of racial and gender bias. Finally, there is evidence that her superiors viewed Alexander as a troublemaker and were frustrated with her repeated EEO filings.

Therefore, we reverse the district court's order granting summary judgment on the retaliation claim. We remand to the district court with instructions to apply the *McDonnell Douglas* test. Alexander may supplement her allegations of harassment. The burden will then shift to the VA to provide a legitimate, non-retaliatory justification for the harassment. If it does so, the burden shifts back to Alexander to show pretext.

### B. Appeal No. 00–56252

Alexander also appeals the district court's ruling granting the VA's summary judgment motion on her second claim, for unlawful termination, in Appeal Number 00–56252. Alexander contends, in part, that the district court erred by denying her ex parte application to permit the late filing of her opposition to the VA's summary judgment motion. Because we agree that the district court abused its discretion by denying this ex parte application, we vacate the district court's judgment in favor of the VA but do not address Alexander's other claims of error. We remand for further proceedings.

Alexander's ex parte application sought permission for a late filing pursuant to Federal Rule of Civil Procedure 6(b). Rule 6(b) permits a court, at its discretion, to accept a late filing when the movant's failure to meet the deadline was the result of excusable neglect. We review a district court's Rule 6(b) ruling for abuse of discretion. *Kyle v. Campbell Soup Co.*, 28 F.3d 928, 930 (9th Cir.1994). A district court abuses its discretion under Rule 6(b) when it fails to apply the correct legal standard for evaluating whether neglect is excusa-

ble. *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223 (9th Cir.2000).

■ The Supreme Court has established that the appropriate legal standard for excusable neglect is a four-part test that takes "account of all relevant circumstances surrounding the party's omission. These include ... the danger of prejudice to the [other party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). A district court's failure to consider each of these four factors when evaluating a Rule 6(b) excusable neglect motion is an abuse of discretion. *Bateman*, 231 F.3d at 1225.

■ In denying Alexander's ex parte application, the district court considered only two of the four factors. It held that Alexander did not show good cause for the late filing and that the VA would be prejudiced if it granted the application. However, the district court failed to consider the impact of the delay on judicial proceedings, and whether the appellant acted in good faith. We therefore conclude that the district court abused its discretion by not applying the correct legal standard for determining whether the circumstances surrounding Alexander's late filing constituted excusable neglect.

Furthermore, under *Pioneer*, the district court abused its discretion in concluding that Alexander had not shown excusable neglect. Initially, we note that there was no prejudice to the VA. Eight days prior to Alexander's filing of her ex parte application, the VA had already received a copy of Alexander's opposition and was prepared to file its own reply brief.

■ The impact of the delay on the district court's proceedings was insignificant. In *Bateman,* we held that a failure to even contact the court for 24 days did not constitute a significant delay. 231 F.3d at 1225; *see also Walter v. Blue Cross & Blue Shield United,* 181 F.3d 1198, 1202 (11th Cir.1999) (finding that a one month delay would not have had an adverse impact on the district court or its resources). Here, Alexander filed her ex parte application only 18 days after the initial deadline. Furthermore, Alexander had repeatedly contacted the court within that 18–day period, seeking permission to file her opposition after the deadline. Both the court and opposing counsel had copies of the opposition just eight days after the deadline. The delay was minimal.

■ Alexander's reasons for her delay in filing her opposition papers are stronger than justifications this court has previously found to be sufficient for a finding of excusable neglect. In *Bateman,* we held that jet lag and the time it took to sort through the mail were "weak" reasons but revealed "negligence and carelessness, not ... deviousness or willfulness." 231 F.3d at 1225. We thus determined that the equities weighed in favor of finding excusable neglect. *Id.* The reasons set forth by Alexander—the unavailability of witnesses, her attorney's deadlines in other cases, her attorney's preparation of a declaration to support the stipulation for a continuance, and her attorney's lack of adequate staffing—are at least as compelling as jet lag and a failure to sort through the mail. As in *Bateman,* we find no evidence of deviousness or willful flouting of the district court's rules. Finally, we conclude that Alexander's attorney's repeated efforts to seek an extension and to file her opposition

papers in a timely manner demonstrated good faith.

Because the district court abused its discretion in denying Alexander's ex parte application for relief under Rule 6(b), we vacate the district court's summary judgment in Appeal No. 00–56252. We remand to the district court with instructions to reconsider the VA's motion for summary judgment after permitting the filing of Alexander's opposition and the VA's reply.

In Appeal No. 99–55755, the district court's judgment is AFFIRMED IN PART, REVERSED IN PART, and RE-MANDED. In Appeal No. 00–56252, the district court's judgment is VACATED and REMANDED.