**Preston BRADSHAW, Jr.,**
**Plaintiff—Appellant,**

v.

**PACIFIC BELL, Defendant—Appellee.**

No. 02–56352.

D.C. No. CV–00–02097–BTM(NLS).

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 5, 2003.

Decided July 10, 2003.

Before REINHARDT, O'SCANNLAIN and FISHER, Circuit Judges.

MEMORANDUM *

Plaintiff-appellant Preston Bradshaw appeals the district court's grant of summary judgment in favor of defendant-appellee Pacific Bell on Bradshaw's racial discrimination and retaliaton claims under 42 U.S.C. § 2000e. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

* This disposition is not appropriate for publica- tion and may not be cited to or by the courts

The relevant facts are known to the parties and are discussed here briefly and only as necessary.

■ The district court properly granted summary judgment in favor of Pacific Bell on Bradshaw's racial discrimination claims. Bradshaw has failed to establish a prima facie case of racial discrimination under Title VII because he has not shown, or even alleged, that similarly situated employees outside of his protected class were treated more favorably. *See Aragon v. Republic Silver State Disposal, Inc.,* 292 F.3d 654, 658 (9th Cir.2002) (to establish a prima facie case of discrimination, Title VII plaintiff must show that "(1) he belongs to a protected class, (2) he was qualified for the position, (3) he was subjected to an adverse employment action, and (4) similarly situated non-[African American] individuals were treated more favorably."). Bradshaw has not alleged that he was replaced by an employee outside of his protected class, or that Pacific Bell responded differently to complaints that a non-African American employee had assaulted a co-worker.

■ In addition to his racial discrimination claims, Bradshaw contends that he was discharged in retaliation for filing a racial discrimination complaint with the Equal Employment Opportunity Commission. Even if we were to conclude that Bradshaw has made out a prima facie case of retaliation, Pacific Bell has met its burden of producing evidence of a legitimate, non-retaliatory reason for the discharge: its conclusion that Bradshaw had physically assaulted a co-worker. Contrary to Bradshaw's assertion, the investigation report Pacific Bell submitted is not inadmissible hearsay, as it is offered not for the truth of the allegations it contains, but rather to show the state of mind of Joanne

Webb, the Pacific Bell employee who recommended Bradshaw's termination. *See Jones v. Los Angeles Comm. College Dist.,* 702 F.2d 203, 205 (9th Cir.1983).

We agree with Bradshaw that the investigation report was hardly thorough, as it neglected to address the multiple discrepancies in the eyewitness accounts of the alleged assault. Bradshaw has failed to produce evidence, however, to show that the deficiencies of the report, or Pacific Bell's reliance on the report, resulted from a desire to retaliate against Bradshaw. He therefore has not met his burden of producing "specific, substantial evidence of pretext" to rebut Pacific Bell's evidence of a legitimate, non-retaliatory reason for his termination. *Little v. Windermere Relocation, Inc.,* 301 F.3d 958, 969 (9th Cir. 2002).

The judgment of the district court is AFFIRMED.

■

of this circuit except as provided by Ninth Circuit Rule 36–3.