**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARGARET BRANSCOMB,<br><br>                    Plaintiff - Appellant,<br><br>     v.<br><br>GROUP USA, INC., a New Jersey<br>corporation,<br><br>                    Defendant - Appellee. | No. 11-15067<br><br>D.C. No. 2:08-cv-01328-JAT<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted February 15, 2012[*]
San Francisco, California

Before: HUG, B. FLETCHER, and PAEZ, Circuit Judges.

Plaintiff Margaret Branscomb ("Branscomb") appeals the district court's

grant of summary judgment in favor of her former employer, Group USA, Inc.

("Group USA"), on her claims of race discrimination under Title VII and 42

U.S.C. § 1981, age discrimination under the Age Discrimination in Employment

_____

        [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Act (ADEA), 29 U.S.C. § 623, and perceived disability discrimination under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112.  We affirm the district court's judgment as to Branscomb's age and perceived disability claims.  As to Branscomb's race discrimination claim, we reverse.

We review de novo the district court's grant of summary judgment.  *Cline v. Indus. Maint. Eng'g & Contracting Co.*, 200 F.3d 1223, 1228 (9th Cir. 2000).  Applying the burden-shifting analysis under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), we conclude that Branscomb presented sufficient evidence to raise a triable issue of fact as to whether Miller's decision to terminate her was pretextual.[1]

---

[1]We reject Branscomb's contention that the district court improperly admitted statements in Miller's affidavit indicating that she received reports from her subordinates that Branscomb's performance was sub-par.  Miller's statements were not offered to prove that Branscomb in fact performed deficiently.  Rather, the statements reveal Miller's state of mind, and Group USA offered them in support of its assertion that it terminated Branscomb for legitimate business reasons.  This is a permissible purpose.  *See* Fed. R. Evid. 801; *Jones v. Los Angeles Comty. Coll. Dist*., 702 F.2d 203, 205 (9th Cir. 1983).  We likewise reject Branscomb's argument that the district court erred by declining to sanction Group USA for destroying bridal receipts which could, potentially, have contained customers' positive comments about Branscomb's alterations.  Branscomb has offered no evidence that Group USA regularly retained bridal receipts, nor that Group USA was aware that Branscomb's receipts might prove relevant to a subsequent discrimination claim.  *See Leon v. IDX Sys. Corp*., 464 F.3d 951, 958 (9th Cir. 2006).

Branscomb presented evidence that Flores was less qualified for the alterationist position and performed in an inferior manner. Specifically, Flores's employment application lists no relevant work experience. Sandra Williams, who worked as a bridal consultant for Group USA during the relevant time period, testified that Flores's work product was inferior to Branscomb's, that at least one third of brides preferred Branscomb's work over Flores's, and that Flores could not communicate with her clients because she did not speak English.

Williams further testified that management, including store managers Claudia Bojorquez and Alma Cervantes, treated Branscomb differently than other employees by assigning her different tasks and treating her disrespectfully. Branscomb likewise testified that Cervantes and Bojorquez treated her in a "demeaning" and "confrontational" manner. Williams opined that Cervantes and Bojorquez preferred working with Flores because, like them, she is Hispanic and Spanish-speaking. Williams also testified that, on one occasion, Bojorquez told her that management was "going to get rid of Margaret and get Maria in here."

Although Miller made the ultimate decision to fire Branscomb, there are disputed issues of fact as to whether and to what extent Cervantes and Bojorquez

3

influenced Miller's decision.[2]  Accordingly, under a "cat's paw" theory of liability, this evidence raises triable issues as to whether Branscomb's termination was mere pretext for race discrimination.  *See Poland v. Chertoff*, 494 F.3d 1174, 1182 (9th Cir. 2007).  Viewing the evidence in the light most favorable to Branscomb and drawing all reasonable inferences in her favor, the evidence is sufficient to overcome the "strong inference," raised by Branscomb's hiring and firing by the same personnel within a relatively short period of time, that Group USA acted without discriminatory intent.  *See Bradley v. Harcourt, Brace and Co.*, 104 F.3d 267, 270-71 (9th Cir. 1996).

Branscomb failed to raise genuine triable issues of fact as to her age and perceived disability discrimination claims, however.  Miller's comment that Branscomb was "burned out," is not overtly age-related.  Moreover, Flores, like Branscomb, was a member of the protected class under the ADA at the time of Branscomb's termination, minimizing any inference of age discrimination.

Likewise, the record contains no evidence that Group USA believed Branscomb was substantially limited in a major life activity.  Indeed, following her medical leave, she was permitted to return to work, completing the same tasks as

---

[2]The record also reveals disputed issues of fact as to whether and to what extent Cervantes and Bojorquez influenced Miller's decision to hire Branscomb initially.

4

she undertook before her surgery.  Nor has Branscomb produced evidence that the disability she asserts Group USA believed her to have—"diagnosed with a pituitary tumor and had surgery"—was *actually* a limitation on a major life activity.  To the contrary, she testified that, following her return to work, her medical condition did not impact her ability to complete her work responsibilities "at all."  *See Walton v. U.S. Marshals Serv.*, 492 F.3d 998, 1006 (9th. Cir. 2007); *see also Sanders v. Arneson Prods., Inc.*, 91 F.3d 1351, 1354 (9th Cir. 1996) (holding that temporary injuries with minimal lasting effects are not generally disabilities actionable under the ADA).

Accordingly, Branscomb has failed to adduce "specific, substantial evidence of pretext" as to her age and perceived disability discrimination claims.  *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1282 (9th Cir. 2000).

For these reasons, the district court's grant of summary judgment is affirmed as to Branscomb's age and perceived disability discrimination claims, and reversed and remanded for further proceedings as to her race discrimination claim.  The parties shall bear their own costs on appeal.

AFFIRMED in part; REVERSED in part and REMANDED.