**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JERRY R. STEVER, | No. 15-16262 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-00273-LRH-WGC |
| v. | |
| U.S. BANCORP and US BANCORP INVESTMENTS, INC, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted April 19, 2017
San Francisco, California

Before: THOMAS, Chief Judge, and FERNANDEZ and MURGUIA, Circuit
Judges.

Jerry Stever worked as a financial advisor at US Bancorp, Inc. ("USBI")

from 2004 until his employment was terminated in December 2011. Between April

and November 2011, Stever failed to respond to emails and phone calls from his

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

supervisor, neglected to log information in the required USBI programs, did not comply with a company-issued Action Plan, and received three Letters of Caution (i.e., formal warnings about mistakes he had committed). As a result of this deficient performance, USBI fired Stever.

Stever, who was 68 years old at the time of his termination, filed suit under the Age Discrimination Employment Act, alleging that USBI discriminated against him based on his age when it terminated his employment. *See* 29 U.S.C. § 633a(a) ("All personnel actions affecting employees . . . who are at least 40 years of age . . . shall be made free from any discrimination based on age.").

The district court granted summary judgment in favor of USBI, holding that Stever failed to establish a prima facie case of age discrimination.[1] We review the district court's grant of summary judgment de novo, *Entrepreneur Media v. Smith*, 279 F.3d 1135, 1139–40 (9th Cir. 2002), and we affirm.

---

[1] Stever also challenges the district court's admission of emails from various USBI employees complaining about Stever's performance to Stever's manager. The district court did not err. Complaints about an employee's poor performance are admissible where an employer does not offer the complaints "to prove the truth of the allegations but to show that it had a legitimate basis for believing [the employee's] conduct warranted termination." *Jones v. Los Angeles Cmty. Coll. Dist.*, 702 F.2d 203, 205 (9th Cir. 1983). Here, Stever's manager submitted a declaration stating that he fired Stever because he believed the complaints in these emails.

To establish a prima facie case of age discrimination, a plaintiff must demonstrate that: (1) he is over 40 years old; (2) he was qualified for his position; (3) he experienced an adverse employment action; and (4) similarly situated, younger employees were treated more favorably, or other circumstances give rise to an inference of discrimination. *Whitman v. Mineta*, 541 F.3d 929, 932 (9th Cir. 2008). Stever failed to satisfy the fourth prong.

1. Stever first points to two younger financial advisors who allegedly received more favorable treatment. Neither of these employees, however, was similarly situated to Stever. *See Earl v. Nielsen Media Research, Inc.*, 658 F.3d 1108, 1114 (9th Cir. 2011) ("The employees need not be identical, but must be similar in material respects.").

The first younger employee Stever points to is Ron Waicul (age 58), who shared an assistant with another financial advisor, Bill Love (age 68). These two financial advisors received an assistant, whereas Stever did not, because their combined annual revenue production exceeded $1 million. Stever never reached this amount, either independently or combined with another financial advisor. Moreover, Love is the same age as Stever, and he received an assistant, which undermines Stever's claim of preferential treatment for younger employees.

3

The second younger employee Stever cites is Ike Hoashi (age 58) who received a lower revenue production goal than Stever, but USBI creates revenue production goals based on a financial advisor's seniority and prior performance. Stever admits that he and Hoashi differed in terms of seniority and prior performance. Therefore, neither of these two examples demonstrates that USBI treated similarly situated, younger employees more favorably.

2.      Next, Stever recalls a conversation in which his manager, referring to new USBI software, said that "we old dogs had to learn new tricks." Without more, this single, stray remark is not sufficient to demonstrate age discrimination. *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 919 (9th Cir. 1996) (addressing an isolated "old timers" comment, and concluding that "it is weak evidence and not enough to create an inference of age discrimination").

3.      Finally, Stever advances a disparate-impact theory of discrimination. According to Stever, USBI requires all financial advisors to sell managed accounts, which has a disproportionately negative impact on older financial advisors who would retire before realizing all of the commissions on these accounts. Stever forfeited this disparate-impact theory of discrimination because he did not allege it in his complaint, and there is no indication that he notified USBI about this theory during discovery. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir.

2000) ("Only if the defendants have been put on notice may the plaintiffs proceed on a disparate impact theory at the summary judgment stage.").

**AFFIRMED**.